UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARYL JACKSON,

               Plaintiff,

v.

CORRECTION OFFICER PETER A.
MASTRANTONIO, JR., CORRECTION
OFFICER WILLIAM J. ELLIS, CORRECTION
OFFICER CRAIG L. SKELLY, CORRECTION
OFFICER T. HARRIS, SERGEANT THOMAS
E. HANNAH, and CORRECTION OFFICER
"JOHN DOE",

               Defendants.

**DECISION AND ORDER**
08-CV-115S

## I. INTRODUCTION

On February 7, 2008, Plaintiff, a prisoner originally proceeding pro se, commenced this action by filing a complaint in this Court against Defendants. Plaintiff brought his claim pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First, Eighth, and Fourteenth Amendment rights. Therafter, Plaintiff filed an amended complaint. In the amended complaint, Plaintiff adds two state law causes of action for assault and battery, which are brought pursuant to 28 U.S.C. § 1367.

Presently before this Court is Defendant's Motion to Dismiss the action in its entirety for insufficient service of process (Docket No. 6) and Plaintiff's Cross-Motion to Extend Time for Service. (Docket No. 12). For the following reasons, Plaintiff's cross-motion is granted and Defendants' motion is denied as moot.

## II.  BACKGROUND

### A.  Factual Background

On March 31, 2007, while in his cell at the Southport Correction Center, Plaintiff alleges that Defendants assaulted him.  As a result of the alleged actions, Plaintiff, proceeding pro se, filed a complaint against Defendants on February 7, 2008.  However, Plaintiff never served the Defendants.

On April 10, 2008, Tracie A. Sundack, Esq. filed a notice of appearance on behalf of Plaintiff, and on May 9, 2008, filed an amended complaint, adding two state law causes of action.  (Docket No. 10, ¶¶ 4-5).  Plaintiff's counsel mailed a copy of the amended summons to the Clerk's Office the same day. On May 28, 2008, amended summons were issued.  Id. at ¶ 5.  Thereafter, Plaintiff's counsel mailed the amended summons and complaint to her process server on June 12, 2008, with instructions to serve the individual Defendants.  Id. at ¶ 6.  On August 8, 2008, the process server mailed the amended summons and complaint to the individual Defendants at their place of business.  Id. at ¶ 7.  According to United States Postal Service records, the amended summons and complaints were delivered to the Southport Correctional Facility on August 12, 2008.  Id.  The process server also mailed affidavits of service to counsel's office.  Counsel did not inspect the affidavits of service.  Id. at ¶ 12.

As a result of her failure to inspect the affidavits of service, counsel was unaware that Defendants were only served by certified mail.  Id.  Counsel then attempted to make service on September 25, 2008.  (Docket No. 13, ¶ 3).  However, by September 25, 2008, 120-days had elapsed since the filing of the original complaint and the amended complaint.

### B.  Procedural History

On October 15, 2008, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient and untimely service. Defendants contend that Plaintiff served them outside the 120-day time limit mandated by Rule 4(m) of the Federal Rules of Civil Procedure, and further, because Plaintiff only mailed them a copy of the summons and complaint, that Plaintiff did not effect service in accordance with the requirements of Rule 4(e). In response to Defendants' motion, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed without prejudice for Plaintiff's failure to effect service within the time limits specified by the Federal Rules of Civil Procedure. (Docket No. 8).

Pursuant to this Court's Order, Plaintiff filed a response wherein he concedes that he did not properly serve defendants, but argues there is good cause for his failure to do so. (Docket No. 10). Plaintiff contends that he made reasonable efforts to serve Defendants, and that Defendants have not been prejudiced by any delay in service.

Shortly after filing its response to this Court's Order, Plaintiff filed a Cross-Motion to Extend Time for Service. (Docket No. 12). In the supporting memorandum of law, which also serves as the memorandum of law opposing Defendant's Motion to Dismiss, Plaintiff argues that he demonstrates good cause for the same reasons previously set forth – i.e, that he made reasonable efforts to serve Defendants and that Defendants have not been, and will not be prejudiced, by the delay. (Docket No. 11-4). Additionally, Plaintiff argues that even in the absence of good cause, this Court should grant him an extension of time to complete service as a matter of discretion.

In response to Plaintiff's cross-motion, Defendants do not argue against Plaintiff's assertion of good cause. Instead, Defendants contend that Plaintiff's cross-motion for an extension of time to serve them should be denied because the state law claims Plaintiff

3

adds in his amended complaint are futile.

### III.  DISCUSSION AND ANALYSIS

**A.     Good Cause**

Rule 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 120 days after the filing of the complaint.  FED. R. CIV. P. 4(m).  In the event that the plaintiff fails to timely serve the defendant, the district court "shall dismiss the action without prejudice [] or direct that service be effected within a specified time."  Id.  However, if the plaintiff shows good cause for the failure to timely serve the defendant, the district court must extend the time for service.  Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

In determining whether the plaintiff shows good cause, courts evaluate two factors.  Specifically, courts focus on whether "(1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service."  Commer v. McEntee, 283 F.Supp.2d 993, 997 (S.D.N.Y. 2003).  Good cause is not shown when the reason for the failure is attorney oversight, inadvertence, neglect, or mistake.  Carroll v. Certified Moving & Storage, Co., LLC, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (citing AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).  Similarly, an attorney's "misplaced reliance on the process server is insufficient to demonstrate good cause which would warrant extending plaintiff's time to serve defendant."  Reese v. University of Rochester, No. 04-CV-6117, 2005 WL 1458632, at *2 (W.D.N.Y. June 20, 2005) (Telesca, J.).

Here, Plaintiff has not demonstrated good cause.  In support of an assertion of good cause, Plaintiff's counsel essentially argues attorney oversight and misplaced reliance on the process server.  Specifically, counsel states that she normally checks the affidavits of

4

service, completed by her process server, in order to ensure that service was properly made. (Docket No. 11-5). However, in this case, counsel stated that she did not inspect the affidavits upon their return and therefore did not realize that service was improperly made by her process server until Defendants' Motion to Dismiss. Id. Because neither attorney oversight nor a misplaced reliance on the process server supports a finding of good cause, Plaintiff's argument is without merit. See Carroll, 2005 WL 1711184, at *2; Reese, 2005 WL 1458632, at *2.

**B.    Discretionary Extension of Time to Serve**

Even in the absence of good cause, the court may enlarge the 120-day period as a matter of discretion. Henderson v. United States, 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed. 2d 880 (1996) (citing FED. R. CIV. P. 4, 28 U.S.C. App., p. 654). In determining whether to grant the plaintiff a discretionary extension of time, courts evaluate four factors. Those factors are: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief." In re Comverse Technology, Inc. Securities Litigation, 543 F. Supp. 2d 134, 146 (E.D.N.Y. 2008) (internal citations omitted). Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring plaintiff in a Rule 4(m) analysis. Carroll, 2005 WL 171184, at *2. And further, courts generally find no prejudice when the defendant fails to indicate that it would suffer any. See Micciche v. Kemper Nat. Services, 560 F. Supp. 2d 204, 210 (E.D.N.Y. 2008); see also Hollomon v. City of New York, No. 04-CV-2964, 2006 WL 2135800, at *4 (E.D.N.Y. July 31, 2006) ("[i]n addition, City Defendants point to no prejudice from granting a discretionary extension").

Although not one of the four factors routinely considered, some courts also evaluate the behavior of the plaintiff upon realizing service was inadequate. Spinale v. U.S., No.03-CV-1704, 2005 WL 659150, at *4 (S.D.N.Y. March 16, 2005) ("[c]ourts in this district have granted discretionary extensions where the service failure was due to inadvertence and the plaintiff otherwise displayed due diligence ... [c]ourts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to ... remedy the service defect quickly").

Here, despite Plaintiff's inability to show good cause, this Court finds that Plaintiff is entitled to a discretionary extension of time to serve Defendants. First, dismissal without prejudice would effectively constitute a dismissal with prejudice as to Plaintiff's state law claims because the statute of limitations has run on the state causes of action.[1] Although Plaintiff's federal constitutional claims – his original claims – are still viable, and therefore dismissal without prejudice does not bar the entire action from being refiled, this Court nonetheless finds that this factor weighs in Plaintiff's favor. Second, this Court finds that, although improperly served, Defendants had notice of the action on August 12, 2008, the date the amended complaint was delivered via certified mail to Defendants' place of business. And lastly, Defendants have not alleged that Plaintiff's service defects prejudiced them in any way.

This Court also notes that Plaintiff sought to immediately remedy the defect. For example, approximately one month after Defendants filed their Motion to Dismiss, and Plaintiff learned of the defective service, Plaintiff filed its own motion for an extension of

---

[1] Plaintiff's amended complaint adds two state tort law claims for assault and battery. In New York, assault and battery – intentional torts – carry a one-year statute of limitations. N.Y. C.P.L.R. §215(3). Because Plaintiff alleged the conduct occurred on March 31, 2007, dismissal at this stage would prevent the state claims from being refiled.

6

time. This too weighs in favor of an extension.

**C.      Futility**

In response to Plaintiff's cross-motion for an extension of time, Defendants argue that Plaintiff's claims are futile. According to Defendants, section 24 of the New York Corrections Law establishes that DOCS employees may not be sued in their personal capacities for damages arising within the scope of their employment. (Docket No. 13, ¶¶ 5-6).

This Court finds that Defendants' reliance on a futility argument is misplaced. Futility has no application when determining whether Plaintiff demonstrates good cause or whether Plaintiff is entitled to a discretionary extension of time in the absence of good cause. However, even assuming arguendo that futility is a relevant consideration, without more information, this Court cannot presently determine whether section 24 of the New York Correction Law applies to this case. See Degrafinreid v. Ricks, 452 F. Supp. 2d 328, 332-33 (S.D.N.Y. 2006) ("[s]o long as the alleged conduct of Defendants is within the scope of their employment and in the discharge of official duties, this Court may not entertain state-law claims for damages against corrections officers in the individual capacities."); Ierardi v. Sisco, 119 F.3d 183, 187 (2d Cir. 1997) ("the protection afforded by section 24 is not absolute. The legislature has limited its availability to acts or omissions occurring within the scope of an officer's employment and in the discharge of his or her duties.") (internal citations omitted); Murray v. Reif, 36 A.D.3d 1167, 1168 (N.Y. 2007) (holding that a correction officer's alleged actions of assault did not fall within the scope of his official duties); Spitz v. Coughlin, 161 A.D.2d 1088, 1089, 557 N.Y.S.2d 647, 648 (3d Dep't 1990) (holding that correction officer's assault of prisoner was outside the scope of employment).

. . .

Accordingly, this Court finds that the balance of equities tips in favor of Plaintiff. Granting Plaintiff an extension of time also furthers the "clearly expressed preference" that litigation disputes be decided on the merits. Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 346 (S.D.N.Y. 1996). Therefore, Plaintiff's cross-motion is granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Cross-Motion to Extend Time for Service is granted and Defendants' Motion to Dismiss is denied as moot.

## V. ORDERS

IT IS HEREBY ORDERED, that Plaintiff's Cross-Motion for an Extension of Time for Service (Docket No. 12) is GRANTED.

FURTHER, that Plaintiff has until April 20, 2009 to effectuate service.

FURTHER, that Defendants' Motion to Dismiss (Docket No. 6) is DENIED as moot.

SO ORDERED.

Dated: March 20, 2009
Buffalo, New York

                                                  **/s/William M. Skretny**
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge